Shawnarea L. DELOACH, Petitioner,

v.

DEPARTMENT OF
TRANSPORTATION, Respondent.

No. 04–3161.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 6, 2004.

Before CLEVENGER, DYK, and PROST, Circuit Judges.

PER CURIAM.

Shawnarea L. DeLoach seeks review of the final decision of the Merit Systems Protection Board ("Board") denying her appeal from her removal as a management analyst by the Department of Transportation ("agency"). *DeLoach v. Dep't of Transp.*, No. DC315H020616–I–2, 95 M.S.P.R. 430 (Jan. 8, 2004). We *affirm.*

I

Ms. DeLoach was hired by the Coast Guard, a part of the agency, as a manage-

ment analyst on January 13, 2002, subject to a one-year probationary period beginning on the date of her employment. She was removed from her position a few months later, on May 23, 2002, for unacceptable performance. She appealed her removal to the Board.

During the time one is employed subject to a probationary period, that person is generally not considered an "employee" for purposes of appeal rights to the Board. *See* 5 U.S.C. § 7511(a)(1)(A) (2000). However, a probationary period employee does have the right to appeal an adverse personnel action (such as a removal) if the adverse action is the result of discrimination due to marital status or partisan political affiliation. The agency's termination notice to Ms. DeLoach expressly mentioned these two exceptions to the general rule that probationary employees lack appeal rights.

Because Ms. DeLoach did not assert that her removal resulted from either of the two forms of discrimination, the administrative judge assigned to the case ruled that she could not establish Board jurisdiction under either of those two exceptions to the general rule that probationary employees lack entitlement to Board review of their adverse actions.

Because Ms. DeLoach alleged that she had been removed for reasons related to her military service, the administrative judge afforded her a hearing to determine if her rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") had been violated. Under USERRA, it is unlawful for an agency to take adverse personnel actions against employees when the motivation for the adverse action is the fact of military service. Since Board jurisdiction exists independently under USERRA even for employees removed during probationary periods, the administrative judge took evidence to determine if Ms. DeLoach's military service was a substantial or motivating factor in the agency's decision to terminate her. If an employee can show that the military service is such a motivating factor for the adverse action, then the burden shifts to the agency to prove that the adverse action would have been taken for a legitimate reason in any event. Otherwise the employee will prevail. *See Sheehan v. Dep't of the Navy,* 240 F.3d 1009 (Fed.Cir.2001).

After careful review of the testimony given by Ms. DeLoach and the agency, the administrative judge held that the agency's adverse action here was taken for reasons having to do with Ms. DeLoach's performance inadequacies, not because of her military service. The administrative judge thus held that Ms. DeLoach had failed to prove that her rights under USERRA had been violated. The agency's removal action was thus upheld.

When Ms. DeLoach's petition for review to the Board was denied, the initial decision of the administrative judge became the final action of the Board. Ms. DeLoach timely sought review in this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

## II

We must affirm the Board unless we find its final decision to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. If the Board's decision rests on findings of fact, those findings must be supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000).

The Board correctly applied the law concerning its jurisdiction. It generally lacks authority to hear appeals from adverse actions affecting probationary status employees, and as the Board correctly held, Ms. DeLoach has not satisfied the tests for

the discrete exceptions to that general rule. Further, with regard to her claim of unlawful discrimination under USERRA, the Board carefully assessed the evidence submitted by both parties. We have reviewed that evidence, and we conclude that substantial evidence supports the Board's finding that inadequate job performance, not military service, was the reason for the agency's adverse action. That finding requires the Board's decision that Ms. DeLoach's USERRA rights have not been violated. Consequently, the Board's final decision upholding the agency's removal action must be affirmed.